**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KHAURY EL-AMIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00775-RHH |
| DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court on self-represented plaintiff Khaury El-Amin's application to proceed in the district court without prepaying fees or costs. Based on the financial information contained in the motion, the motion will be provisionally granted. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District Court. The Court will transfer this case to the United States District Court for the Western District of Missouri and provisionally grant plaintiff's application to proceed in the district court without prepaying fees and costs (ECF No. 2), subject to modification by the transferee court.

Plaintiff brings this case against the Missouri Department of Corrections; Jefferson City, Missouri; Donovan Wood; and Jefferson City Correctional Center alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff claims Correctional Officer Donovan Wood placed a violent inmate in plaintiff's cell and that this inmate stabbed plaintiff nineteen times. These events appear to have arisen during plaintiff's incarceration in the Jefferson City Correctional Center, which is located in Cole County in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the

district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri. In addition, in light of all of the circumstances, the Court believes it best if the transferee district address plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is provisionally **GRANTED** pursuant to 28 U.S.C. § 1915 and subject to modification by the United States District Court for the Western District of Missouri. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.  *See* 28 U.S.C. § 1406(a).

Dated this 16th day of June, 2023.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE